**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 18-1170

**Caption [use short title]**

**Motion for:** Removal of Case from Expedited Appeals Calendar

Set forth below precise, complete statement of relief sought:

Ruling pursuant to Local Rule 31.2(b)(2), removing appeal from Expedited Appeals Calendar, and setting a 8/3/2018 deadline for Plaintiff-Appellant's brief, pursuant to Local Rule 31.2(a)(1).

Exxon Mobil Corp. v. Healey

**MOVING PARTY:** Exxon Mobil Corporation         **OPPOSING PARTY:** Maura Tracy Healey & Barbara D. Underwood

☑ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Theodore V. Wells, Jr.         **OPPOSING ATTORNEY:** Seth Schofield, Office of Massachusetts Attorney General

[name of attorney, with firm, address, phone number and e-mail]

Paul, Weiss, Rifkind, Wharton & Garrison LLP         One Ashburton Place, 18th Floor, Boston, MA 02108, (617) 963-2436, seth.schofield@state.ma.us

1285 Avenue of the Americas, New York, NY 10019         Anisha Dasgupta, Office of the New York Attorney General

(212) 373-3000, twells@paulweiss.com         28 Liberty Street, New York, NY 10005, (212) 416-8921, anisha.dasgupta@ag.ny.gov

**Court- Judge/ Agency appealed from:** Southern District of New York, District Judge Valerie Caproni

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**

/s/ Theodore V. Wells, Jr.   **Date:** 05/24/2018   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# No. 18-1170

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

EXXON MOBIL CORPORATION,

Plaintiff-Appellant,

v.

MAURA TRACY HEALEY, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF MASSACHUSETTS, BARBARA D. UNDERWOOD, ACTING ATTORNEY GENERAL OF NEW YORK, IN HER OFFICIAL CAPACITY,

Defendants-Appellees.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF-APPELLANT'S MOTION FOR REMOVAL
OF CASE FROM EXPEDITED APPEALS CALENDAR**
_____

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 492-0505

*Attorneys for Plaintiff-Appellant*

# **RULE 26.1 CORPORATE DISCLOSURE STATEMENT**

Exxon Mobil Corporation is a publicly held corporation, shares of which are traded on the New York Stock Exchange under the symbol XOM. Exxon Mobil Corporation has no parent corporation, and no entity owns more than 10% of its stock.

Pursuant to Federal Rule of Appellate Procedure 27, and Second Circuit Rules 27.1(f)(1) and 31.2(c), Plaintiff-Appellant Exxon Mobil Corporation ("ExxonMobil") respectfully requests that this case be removed from the Expedited Appeals Calendar ("XAC") and placed on a regular calendar.[1] Expedited treatment is inappropriate here because this appeal does not arise from a dismissal of the type specified for placement on the XAC. This appeal primarily challenges state officials' impermissible viewpoint discrimination, which along with the grounds for dismissal and the extensive history below, push this case outside the heartland of appeals for which the XAC was created. Because this appeal raises novel and important issues, which have not previously been addressed by this Court, ExxonMobil respectfully requests that this appeal be heard in the normal course on a regular calendar. Defendants-Appellees oppose this motion.

The XAC expedites appeals challenging the dismissal of "a complaint *solely* for" (i) lack of subject matter jurisdiction, (ii) failure to state a claim, or (iii) defects in connection with *in forma pauperis* filings. Local Rule 31.2(b)(1) (emphasis added). This appeal does not arise from a dismissal based "solely" on one or more of those three grounds. The District Court's first basis for dismissing ExxonMobil's complaint was res judicata, which is not relevant to subject matter

---

[1] By Notice dated May 18, 2018, this case was placed on the Expedited Appeals Calendar. ECF No. 33.

1

jurisdiction or the adequacy of *in forma pauperis* filings. The District Court's res judicata ruling also does not constitute a dismissal under Rule 12(b)(6) for failure to state a claim because it was based on factual findings not taken from "the face of the complaint." *Associated Financial Corp.* v. *Kleckner*, 480 F. App'x 89, 90 (2d Cir. 2012). Because an evidentiary ruling on res judicata is not among the grounds identified in Local Rule 31.2(b)(1) for expedited treatment, this appeal does not belong on the XAC.

Even if this appeal fell within the technical reach of the rule, the res judicata ruling would be particularly unsuited to expedited treatment because of its complexity and novelty. Here, the District Court examined "[t]he res judicata effect of a decision declining to set aside . . . a CID . . . under Massachusetts law" on a civil rights lawsuit brought under Section 1983 in federal court. *See* Opinion and Order, ECF No. 265 at 26, *Exxon Mobil Corp.* v. *Healey*, No. 1:17-cv-02301-VEC (Mar. 29, 2018). The District Court itself recognized that it was faced with "a novel question" on which no court had opined. *Id*. That question has become only more complex since the District Court issued its decision. Two weeks after the District Court entered its final judgment in this case, the Massachusetts Supreme Judicial Court issued its decision affirming the state court judgment upon which res judicata rested. *See Exxon Mobil Corp.* v. *Attorney General*, 479 Mass. 312 (Apr. 13, 2018). In its opinion, the Massachusetts Supreme Judicial Court

2

elaborated on the claims that were decided in the state court proceeding. Neither the District Court nor any of the parties has had an opportunity to consider the effect of the Massachusetts Supreme Judicial Court's ruling on whether res judicata applies here. This complicated question requires careful consideration, not expedited treatment. It presents a complex legal question that is not within the spirit of Local Rule 31.2(b)(1).

This appeal was likely placed on the Court's XAC because the District Court identified failure to state a claim as an alternative ground for dismissal.[2] Even if that were the only ground to dismiss ExxonMobil's complaint, expedited treatment would still be inappropriate. The record and procedural history in this case are more extensive and complex than in the typical "threshold dismissal[ ]" under Rule 12(b)(6). *See* Local Rule 31.2(b)(1). The parties have litigated the seven causes of action raised in this case in two district courts over a period of 23 months, during which time parties on both sides submitted declarations and exhibits exceeding 7,000 pages. Over that period, motions to dismiss were fully briefed on four different occasions, and the final judgment in this case is the product of two separate sets of Rule 12(b)(6) motions. Despite the absence of discovery, ExxonMobil's pleadings contain detailed factual allegations gleaned from

---

[2] While failure to state a claim was an alternative ground for the dismissal as to the Massachusetts Attorney General, it was the sole ground for dismissal as to the New York Attorney General.

3

information in the public record. Further, the District Court evaluated the merits of ExxonMobil's claims in a manner more akin to a premature grant of summary judgment than a Rule 12(b)(6) dismissal. In light of this extensive record, thorough briefing on each of ExxonMobil's seven causes of action requires more time than the XAC allows.

Expedited treatment is also inappropriate here because this appeal raises novel issues with far-reaching consequences for the First Amendment's protection against viewpoint discrimination. Public officials have repeatedly recognized as much. For example, in the proceedings below, thirteen state attorneys general filed amicus briefs in support of ExxonMobil, criticizing the Attorneys General for abusing their law enforcement power to harass those expressing views on climate policy that the public officials disfavored.[3] ExxonMobil anticipates that amici will likely seek leave to file briefs in this Court as well, but the expedited schedule could deprive them of an opportunity to address the Court.

The first district judge to preside over this case also recognized its significance, concluding that that "[t]he merits of each of Exxon's claims involve important issues that should be determined by a court." *See* Order, ECF No. 180 at

---

[3] *See* Brief of Amici Curiae in Supp. of Pl.'s Mot. for Prelim. Inj., ECF No. 63-2, *Exxon Mobil Corp.* v. *Healey*, 17-cv-2301-VEC (S.D.N.Y. Sept. 8, 2016); Brief of Amici Curiae in Supp. of Pl.'s Req. to Lift the Stay of Disc. and in Opp'n to Defs.' Reqs. for Dismissal, ECF No. 192-3, *Healey*, 17-cv-02301-VEC (S.D.N.Y. Apr. 19, 2017); Brief of Amici Curiae in Opp'n to Defs.' Renewed Mots. to Dismiss Pl.'s First Am. Compl., ECF No. 230-1, *Healey*, 17-cv-02301-VEC (S.D.N.Y. June 23, 2017).

4

2, *Healey*, No. 1:17-cv-02301-VEC (Mar. 29, 2017). This Court has yet to address directly the First Amendment protections afforded when an investigation is alleged to target speech because of the viewpoint expressed. Given the importance and novelty of the issues raised in this appeal, counsel wish to devote more time to the questions presented than the XAC would allow. ExxonMobil submits that thorough and thoughtful briefing on these issues would benefit both counsel and the Court.

Accordingly, consistent with Local Rule 31.2(a), (b)(2), ExxonMobil proposes a deadline of August 3, 2018 for its appellate brief.

## CONCLUSION

This appeal does not meet Local Rule 31.2(b)(1)'s requirements for expedited treatment. But even if it did, placement on the XAC would be inappropriate here in light of the complex and novel issues raised in this appeal. Accordingly, ExxonMobil respectfully requests that this Court grant its motion to remove this appeal from the XAC, transfer it to a regular argument calendar, and enter a deadline of August 3, 2018 for filing Plaintiff-Appellant's brief.

Dated: May 24, 2018

Respectfully submitted by,

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP | EXXON MOBIL CORPORATION |
| /s/ Theodore V. Wells, Jr. | Patrick J. Conlon |
| Theodore V. Wells, Jr. | patrick.j.conlon@exxonmobil.com |
| twells@paulweiss.com | Daniel E. Bolia |
| Daniel J. Toal | daniel.e.bolia@exxonmobil.com |
| dtoal@paulweiss.com | 22777 Springwoods Village Parkway |
| 1285 Avenue of the Americas | N1.4B.388 |
| New York, NY 10019-6064 | Spring, TX 77389 |
| Tel: (212) 373-3000 | Tel: (832) 624-6336 |
| Fax: (212) 757-3990 | |
| Justin Anderson | |
| janderson@paulweiss.com | |
| 2001 K Street, NW | |
| Washington, D.C. 20006-1047 | |
| Tel: (202) 223-7300 | |
| Fax: (202) 223-7420 | |

*Counsel for Exxon Mobil Corporation*