UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

EXXON MOBIL CORPORATION,

        *Plaintiff-Appellant*,

    v.                         No. 18-1170

MAURA T. HEALEY, Attorney General of
Massachusetts, in her official capacity; and
BARBARA D. UNDERWOOD, Attorney
General of New York, in her official
capacity,

        *Defendants-Appellees*.

**OPPOSITION OF THE MASSACHUSETTS ATTORNEY
GENERAL TO EXXON'S MOTION TO REMOVE THIS
CASE FROM THE EXPEDITED APPEALS CALENDAR**

      Massachusetts Attorney General Maura T. Healey respectfully requests that this Court deny Exxon Mobil Corporation's (Exxon) motion to remove this case from the Expedited Appeals Calendar. This Court should deny Exxon's request because (i) this appeal falls squarely within Local Rule 31.2(b)(1)(B) since Exxon's complaint was dismissed "solely" under Fed. R. Civ. P. 12(b)(6), and (ii) removing the case from the Expedited Appeals Calendar will harm the public interest since it would further delay the Attorney General's ability to advance her investigation of Exxon's potentially fraudulent representations to Massachusetts consumers and investors and seek redress for the potential public harms caused by

that activity. In further support of this opposition, the Attorney General states as follows:

    1.    The clerk of this Court, pursuant to Local Rule 31.2(b), appropriately placed Exxon's appeal on the Expedited Appeals Calendar, because Exxon is appealing a judgment and opinion and order of the district court dismissing Exxon's first amended complaint "solely for . . . failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)." 2d Cir. R. 31.2(b)(1)(B), (2); *see also* Slip Op. at 2 (Caproni, J.), *available at* 2d Cir. ECF No. 2.[1] And, contrary to Exxon's claims, there is nothing particularly complex or novel about the district court's opinion and order or Exxon's instant appeal that might justify removing this appeal from the Expedited Appeals Calendar. Instead, as the district court

---

[1] Exxon's argument that the district court's dismissal—pursuant to Rule 12(b)(6)—of the company's claims against the Attorney General based, in the district court's own words, on "basic principles of" *res judicata* does not constitute a Rule 12(b)(6) dismissal is false. Exxon Mot. at 2; *see also* Slip. Op. at 26, 32. In this Circuit, it is well-settled that a *res judicata* defense may be raised, as it was below, in a Rule 12(b)(6) motion to dismiss, *Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009), and that a court may base its *res judicata* ruling, as was also the case below, on "matters of which the court may take judicial notice," *Associated Fin. Corp. v. Kleckner*, 480 F. App'x 89, 90 (2d Cir. 2012); *see also* Slip. Op. at 11 n.11 (noting that the "Court may take judicial notice of" records in the Massachusetts state court proceedings) & 25-32 (relying on Massachusetts state court decision and other judicially noticeable state court records). Indeed, that was the precise result in *Associated Fin. Corp.*—the only case that Exxon cites. Exxon Mot. at 2. There, this Court affirmed the district court's decision to grant the defendant's Rule 12(b)(6) motion to dismiss because the plaintiff's federal action was barred by the *res judicata* effect of a state court decision. *Associated Fin. Corp.*, 480 F. App'x at 90.

held, Exxon's claims lack merit, "fall[ing] well short of" the threshold plausibility standard Exxon's complaint had to meet to avoid dismissal. Slip. Op. at 45. Indeed, Exxon's complaint, the district court found, is based on "extremely thin allegations and speculative inferences," "pure speculation," and "wild stretch[es] of logic." *Id.* at 2, 7, 40-41. This is thus a paradigmatic case for inclusion on the Expedited Appeals Calendar.

2. The public interest also counsels that this case remain on the Expedited Appeals Calendar because that outcome best preserves the Massachusetts Attorney General's ability to conduct her investigation of Exxon's potentially fraudulent conduct without further undue delay. The Attorney General has a "common law duty to represent the public interest," *Secretary of Admin. & Finance v. Attorney General*, 326 N.E.2d 334, 338 (Mass. 1975), and the underlying investigation at issue here was initiated to execute that duty and protect the interests of Massachusetts and its consumers and investors. As the district court noted, Exxon's case "is [in fact] extraordinary" in one respect—the company seeks "to stop [the Massachusetts and New York Attorneys General] . . . from conducting duly-authorized investigations into potential fraud," Slip. Op. at 1, and Exxon has pursued a scorched-earth approach to achieve that end that has played out in federal and state courts in Texas, New York, and Massachusetts. Needless to say, Exxon's efforts to halt the Attorney General's investigation have delayed her

Office's ability to conduct a thorough and complete investigation into Exxon's potentially unlawful business practices. And, like the district court here, Massachusetts state courts, too, have twice found that the Attorney General's investigation is wholly proper. *E.g.*, *Exxon Mobil Corp. v. Attorney General*, 94 N.E.3d 786 (Mass. 2018).

3. Yet, Exxon has refused to produce a single document or witness in response to the Attorney General's just over two-year old civil investigative demand, despite the fact that Exxon has now produced over two million pages to New York in response to the New York Attorney General's substantially similar demand. *See* Slip Op. at 12 (noting prior page count of 1.4 million). While, as the district court noted, the Attorney General may not compel Exxon to comply with that demand while Exxon's appeals are pending due to a stipulation between Exxon and the Attorney General, *see* Slip. Op. at 18, the Attorney General did not also agree to permit Exxon to choose the slowest possible means of exhausting its appeals, especially where, as here, the Court's rules appropriately dictate a more expeditious resolution and Exxon has the means to comply with the Court's rules. Prompt resolution of this appeal is thus vital to the Attorney General's ability to complete her investigation, and this Court should summarily reject Exxon's attempt to skirt this Court's procedural rules to further delay its compliance with the Attorney General's civil investigative demand.

4. As a courtesy, the Attorney General would agree to a ten-day extension of time (forty-five days total) in which Exxon must file its opening brief (June 22 to July 2, 2018), but removing the case from the Expedited Appeals Calendar, which may also delay when oral argument is scheduled, and allowing Exxon to file its brief in the ordinary course within seventy-six days, as it has requested (which would fall on August 3, 2018), is neither justified by the circumstances or in the public interest. Again, the Massachusetts Attorney General served her civil investigative demand over two years ago, and both the district court here and the Massachusetts Supreme Judicial Court have rejected Exxon's aggressive efforts to derail the investigation. Thus, the prompt resolution afforded by this Court's local rules is both appropriate given the means by which the district court disposed of the issues below and justified by the public interests at stake.

\* \* \*

For the foregoing reasons, this Court should deny Exxon's request to remove this case from the Court's Expedited Appeals Calendar.

//

//

//

//

//

                        Respectfully submitted,

                        MAURA T. HEALEY
                          *Attorney General of the*
                          *Commonwealth of Massachusetts*

                        /s/ Seth Schofield

| | |
|---|---|
| CHRISTOPHE G. COURCHESNE | RICHARD A. JOHNSTON |
|   *Chief*, Environmental Protection Division |   *Chief Legal Counsel* |
| I. ANDREW GOLDBERG | MELISSA A. HOFFER |
| PETER C. MULCAHY |   *Chief,* Energy and Environment Bureau |
|   *Assistant Attorneys General* | SETH SCHOFIELD |
| Environmental Protection Division |   *Senior Appellate Counsel,* Energy and Environment Bureau |
| |   *Assistant Attorneys General* |
| | OFFICE OF THE ATTORNEY GENERAL |
| |   OF MASSACHUSETTS |
| | One Ashburton Place, 18th Floor |
| | Boston, Massachusetts 02108 |
| Dated: May 24, 2018 | Tel: (617) 963-2436 |
|       Boston, Mass. | seth.schofield@state.ma.us |

- 7 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This Opposition complies with the type-volume limitations in Fed. R. App. P. 27(d)(2), because it contains 1,114 words; and

2. This Opposition complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it was prepared with proportionally spaced typeface using Microsoft Word 2010 with 14-point, Times New Roman-style font.

Dated: May 24, 2018         /s/ Seth Schofield
                            Seth Schofield


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on May 24, 2018, and that parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

Dated: May 24, 2018         /s/ Seth Schofield
                            Seth Schofield

18-05.24 [5] - MassAG Opp. to Exxon Mot. to Remove Case from XAC [fnl].docx